THE LANE LAW FIRM, PLLC
Robert C. Lane
State Bar No. 24046263
notifications@lanelaw.com
6200 Savoy, Suite 1150
Houston, Texas 77036
(713) 595-8200 Voice
(713) 595-8201 Facsimile
PROPOSED COUNSEL FOR DEBTOR

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| IN RE: | § |
| **FREDRICK LEE PRESS PLUMBING, LLC** | § |
| DEBTOR | §  BANKRUPTCY CASE NO. 23-32662 |

### DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING PAYMENT OF PRE-PETITION WAGES IN THE ORDINARY COURSE OF BUSINESS

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION OR REQUEST FOR HEARING IS FILED WITH THE UNITED STATES BANKRUPTCY CLERK, 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242-1496, WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF THE FILING OF THIS MOTION, UNLESS THE COURT, SUA SPONTE, OR UPON TIMELY APPLICATION OF A PARTY IN INTEREEST, SHORTENS OR EXTENS THE TIME FOR FILING SUCH OBJECTION OR REQUEST FOR HEARING.**

**IF NO OBJECTION OR REQUEST FOR HEARING IS TIMELY FILED, THE MOTION SHALL BE DEEMED TO BE UNOPPOSED AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. THE COURT RESERVES THE RIGHT TO SET ANY MATTER FOR HEARING.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Fredrick Lee Press Plumbing, LLC (the "Debtor"), and hereby moves this Court for entry of an order pursuant to 11 U.S.C. §§105(a), 363 and 507(a)(4)-(5) (the "Bankruptcy Code") authorizing payment of pre-petition wages in the ordinary course of business for its W-2 Employees post-petition (the "Motion") in the ordinary course of business, and respectfully represent as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This action is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. FACTUAL BACKGROUND

2. On November 14, 2023 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 ("Bankruptcy Code").

3. The Debtor continues to manage and operate its retail and commercial repair and service plumbing business as Debtor-In-Possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

4. The Debtor employs W-2 employees to perform the repair and service plumbing services.

5. The Debtor does pay wages, withhold taxes for its W-2 employees.

6. There are sixteen (16) W-2 employees owed their regularly-scheduled paychecks from before the filing date of November 14, 2023, as the next pay date is November 17, 2023. The total amount of prepetition wages that needs to be paid for the November 17, 2023 payroll is approximately $59,000.00. If the W-2 employees remain unpaid and are required (individually) to file claims, they will suffer great hardship and will likely terminate their relationship with the Debtor, causing unnecessary harm to the Debtor. All wages being paid are within the priority wage cap under 11 U.S.C. §507(a)(4).

## III. RELIEF SOUGHT

7. The Debtor seeks an order of the Court authorizing payment in the ordinary course of business of certain pre-petition compensation owed to its W-2 employees.

8. The Debtor incurs payment obligations to its W-2 employees for the performance of their services in the ordinary course of business.

9. The Debtor requests authority to pay accrued compensation for services performed by the W-2 employees as of the Petition Date. As of the Petition Date, accrued and unpaid compensation totals to approximately $59,000.00.

10. All of the W-2 employees that Debtor proposes to pay will have a priority claim for unpaid services rendered under §507(a)(4)(B) of the Bankruptcy Code. The Debtor has, or will have, sufficient funds on deposit to satisfy all the pre-petition W-2 Employee Obligations so that the banks will not

be prejudiced by any order directing them to honor the Debtor's checks for fund transfer requests with respect to such amounts.

11. The Debtor estimates that as of the Petition Date, amounts accrued for unpaid pre-petition W-2 Employees should not exceed approximately $65,000.00.

### IV.  LEGAL AUTHORITIES IN SUPPORT OF THE RELIEF SOUGHT

12. Sections 507(a)(4) and (5) of the Bankruptcy Code provide priority status for prepetition claims for wages, salaries, commissions, severance pay, vacation pay, sick leave pay, and contributions to employee benefit plans in an amount not to exceed $15,150.00 per employee.  For a plan or reorganization to be confirmed, Section 1129 requires payment of priority claims under 11 U.S.C. §507(a)(4) and (5). Because the Employee Claims would be entitled to priority status under 11 U.S.C. §507(a)(4) and (5) and because such Employee Claims must be paid to confirm a plan of reorganization, Debtor's payment of such claims as requested herein should neither prejudice general unsecured creditors nor materially affect the Debtor's estate.

13. Section 105(a) of the Bankruptcy Code provides:

    The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process. 11 U.S.C. § 105(a).

14. Section 363(c) of the Bankruptcy Code provides:

    If the business of the debtor is authorized to be operated under section 721, 1108, 1203, 1204, or 1304 of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing. 11 U.S.C. § 363(c).

15. Additionally, the "necessity of payment" doctrine recognizes the existence of the judicial power to authorize a debtor in a reorganization case to pay pre-petition claims where such payment is essential the continued operation of the debtor. *In re Ionosphere Clubs, Inc*., 98 B.R. 174, 176

(Bankr. S.D.N.Y. 1989). This doctrine is consistent with the paramount goal of chapter 11 of "facilitating the continued operation and rehabilitation of the debtor." *Id*. at 176.

16. In the instant case, the continued operation of the Debtor's business and its successful reorganization depends upon retention of the services of its W-2 employees. It is critical that the Debtors be authorized to continue regular payment of its W-2 employees. Moreover, if the checks issued and funds transfers requested in payment of the Pre-petition W-2 employees are dishonored, or if such accrued obligations are not timely paid post-petition, the Debtor's W-2 employees will suffer extreme personal hardship and will likely terminate their relationship with the Debtor. This would force the Debtor to seek new W-2 employees to perform its service and repair plumbing services.

17. Further, the authority to pay Pre-petition W-2 employees Obligations in accordance with the Debtor's pre-petition business practices is in the best interest of the Debtor, the Debtor's estate, and creditors, and will enable the Debtor to continue to operate its business in an economic, efficient manner without disruption. Because Debtor's W-2 employees are central to Debtor's operations and vital to its reorganization, the loss of personnel at this critical time would have a serious impact on the value of the Debtor's business, and its ability to reorganize under Chapter 11..

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests entry of an order granting relief requested herein, and such other and further relief as is just and proper.

Respectfully submitted,

THE LANE LAW FIRM, PLLC
*/s/Robert C. Lane*
Robert C. Lane
State Bar No. 24046263
notifications@lanelaw.com
Joshua Gordon
State Bar No. 24091592
Joshua.gordon@lanelaw.com
6200 Savoy, Suite 1150
Houston, Texas 77036
(713) 595-8200 Voice
(713) 595-8201 Facsimile
PROPOSED COUNSEL FOR DEBTOR

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Debtor's Motion for Entry of an Order Authorizing Pre-Petition W-2 Employee Obligations Post-Petition was served upon the US Trustee and to the parties listed on the service list below and the attached mailing matrix either via electronic notice by the court's ECF noticing system or by United States first class mail, postage prepaid, on November 14, 2023:

Debtor:
Fredrick Lee Press Plumbing, LLC
9056 FM 1641
Terrell, Texas 75160

US Trustee:
Office of the U.S. Trustee:
1100 Commerce Street
Room 976
Dallas, TX 75242

Parties Requesting Notice
ustpregion06.da.ecf@usdoj.gov

*/s/Robert C. Lane*
Robert C. Lane

```
Label Matrix for local noticing          Fredrick Lee Press Plumbing, LLC         U.S. Attorney
0539-3                                   9056 FM 1641                             1100 Commerce, 3rd Floor
Case 23-32662-mvl11                      Terrell, TX 75160-7366                   Dallas, TX 75242-1074
Northern District of Texas
Dallas
Tue Nov 14 13:44:20 CST 2023

U.S. Attorney General                    1100 Commerce Street                     Berkovitch & Bouskila, PLLC
Department of Justice                    Room 1254                                1545 US 202  Suite 101
Washington, DC 20001                     Dallas, TX 75242-1305                    Pomona, NY 10970-2951



Bizfund LLC                              Blue Ribbon Funding                      Brandy Press-Smith
2371 Mcdonald Ave 2nd Fl                 1317 Edgewater Drive Suite 1845          9056 FM 1641
Brooklyn, NY 11223-4738                  Orlando, FL 32804-6350                   Terrell, TX 75160-7366



Ershowsky Verstandig                     (p)FORD MOTOR CREDIT COMPANY             Fox Capital Group, Inc.
290 Central Avenue Suite 109             P O BOX 62180                            803 S 21st Avenue
Lawrence, NY 11559-8507                  COLORADO SPRINGS CO 80962-2180           Hollywood, FL 33020-6962



Fredrick Lee Press                       Fundation Group LLC                      Global Merchant Cash Inc.
9056 FM 1641                             11501 Sunset Hills Road Suite 100        640 Beavers Street 415
Terrell, TX 75160-7366                   Reston, VA 20190-6700                    New York, NY 10004



Knightsbridge Funding LLC                Mercedes Benz Financial                  Nathaniel Smith
40 Wall Street Suite 2903                PO Box 685                               9056 FM 1641
New York, NY 10005-1304                  Roanoke, TX 76262-0685                   Terrell, TX 75160-7366



Neubert, Pepe & Monteith, P.C.           Newtek Small Business Finance            Samson Funding
195 Church Street, 13th Floor            1981 Marcus Ave Suite 130                17 State Street, 6th Floor Suite 630
New Haven, CT 06510-4011                 New Hyde Park, NY 11042-1046             New York, NY 10004-1749



Samson Group                             Swift Funding Source Inc                 The Lane Law Firm
400 Rella Blvd Suite 165-101             2474 McDonald Ave                        6200 Savoy Dr Ste 1150
Suffern, NY 10901-4241                   Brooklyn, NY 11223-5233                  Houston, TX 77036-3369



U.S. Small Business Administration       United States Trustee                    Zahav Asset Management LLC
Loan Servicing Center                    1100 Commerce Street                     234 Cedarhurst Ave. Apt. 21B
2120 Riverfront Drive Suite 100          Room 976                                 Cedarhurst, NY 11516-1608
Little Rock, AR 72202-1794               Dallas, TX 75242-0996



Robert Lane
The Lane Law Firm
6200 Savoy, Suite 1150
Houston, TX 77036-3369
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Ford Motor Credit Company LLC
c/o National Bankruptcy Service Center
PO Box 62180
Colorado Springs, CO 80962



The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(d)Fredrick Lee Press Plumbing, LLC          End of Label Matrix
9056 FM 1641                                 Mailable recipients    27
Terrell, TX 75160-7366                       Bypassed recipients     1
                                             Total                  28