

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed June 10, 2024

_____
**United States Bankruptcy Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| FREDRICK LEE PRESS PLUMBING, LLC | § | |
| DEBTOR | § | BANKRUPTCY CASE NO. 23-32662 |

**ORDER CONFIRMING DEBTOR'S**
**CONSENSUAL PLAN OF REORGANIZATION UNDER 11 U.S.C. § 1191(a)**

On May 21, 2024, the Court held a hearing (the "Confirmation Hearing") to consider confirmation of the First Amended Plan of Reorganization for a Small Business under Subchapter V of Chapter 11 (the "Plan")[1] filed herein by Fredrick Lee Press Plumbing LLC (the "Debtor") on April 3, 2024 (Docket No. 98). Present or making appearances at the hearing were counsel for the Debtor, the Debtor's representative, Frances Smith, the Subchapter V Trustee appointed in the case (hereinafter "Sub V Trustee"), counsel for certain creditors who have entered an appearance in the case, and the United States Trustee. The Court has reviewed the Plan, considered the documents admitted into evidence and the testimony of witnesses present at the hearing,

---

[1] Capitalized terms used herein without definition shall have the meanings provided for in the Plan. In addition, any term used in the Plan or this Order that is not defined in the Plan or this Order, but that is used in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning assigned to that term in the Bankruptcy Code or the Bankruptcy Rules.

1

considered the statements and arguments of counsel, the docket of the Bankruptcy Case, and considered any other relevant factors affecting the case as set forth on the record.

**Based upon the foregoing, the Court finds and determines as follows:**

A.  The Debtor filed this case on November 14, 2023 (the "Petition Date"), and was qualified to be a Debtor under 11 U.S.C. § 109. The Debtor was also qualified and elected to proceed as a small business debtor under Subchapter V of the Bankruptcy Code as that term is defined by 11 U.S.C. § 1182(1).

B.  This Court has jurisdiction over the Case pursuant to 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L) and (O), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and whether it should be confirmed. Venue in the Northern District of Texas was proper on the Petition Date and continues to be proper under 28 U.S.C. §§ 1408 and 1409.

C.  Every person or entity required to receive notice of the hearing on confirmation of the Plan, as well as the Plan voting and Plan objection deadlines set by the Court, received timely and adequate notice as required by the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 2002 and 9014 and the Bankruptcy Code.

D.  The contents of the Plan (with any modifications as set forth below) satisfy the applicable requirements of 11 U.S.C. § 1190 and any other applicable requirements of the Bankruptcy Code.

E.  The Plan (with any modifications as set forth below) and the Debtor have satisfied all applicable requirements for confirmation of the Plan under 11 U.S.C. § 1191(a).

F.  The Plan (with any modifications as set forth below) and the Debtor have satisfied all other requirements of the Bankruptcy Code and Bankruptcy Rules necessary to confirm the Plan.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, DECREED, AS FOLLOWS:**

1.  The First Amended Plan of Reorganization for a Small Business under Subchapter V of Chapter 11 filed by the Debtor on April 3, 2024 (Docket No. 98) and attached hereto as **Exhibit A**, is hereby **CONFIRMED** and approved in each and every respect as a consensual plan pursuant to 11 U.S.C. § 1191(a), with the modifications set forth below. The terms of the Plan are incorporated by reference into, and are an integral part of, this Confirmation Order.

2.  To the extent any objections to confirmation of the Plan have not been resolved or withdrawn, any such objections are hereby denied.

3.  The effective date of the Plan shall be the 30th day following entry of the Confirmation Order ("Effective Date").

4.  In the event of a conflict between provisions of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

5.  Within three (3) days after the Effective Date, the Debtor shall serve notice of (i) entry of this Confirmation Order; (ii) the occurrence of the Effective Date; and (iii) any bar dates and any other deadlines set by the Plan ("Notice"), pursuant to Bankruptcy Rule 3020(c). The Notice shall be sent to all creditors and parties-in-interest by first class mail, postage prepaid. The Debtor shall thereafter promptly file a copy of such Notice with proof of mailing with the Court.

6.  The provisions of the Plan, and any documents executed in conjunction with the Plan, and this Confirmation Order are, as of the Effective Date, effective and binding on the

Debtor, all creditors of the Debtor, and any other parties-in-interest, as well as their respective heirs, successors, assigns, or other persons claiming through them. The failure to specifically describe or include any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be approved and confirmed in its entirety subject to the modifications set forth herein. Each provision of the Plan shall be deemed authorized and approved by this Confirmation Order, subject to the modifications set forth herein, and shall have the same binding effect of every other provision in the Plan, whether or not mentioned in this Confirmation Order.

7. The Debtor and its respective agents and attorneys are hereby authorized, empowered, and directed to carry out the provisions of the Plan and to perform the acts and execute and deliver the documents as are necessary or appropriate in connection with the Plan and this Order.

8. Nothing in this Confirmation Order or the Plan shall in any way operate to, or have the effect of, impairing or extinguishing in any respect any causes of action disclosed on Debtor's schedules or arising under chapter 5 of the Bankruptcy Code or any other claims or defenses owned by the Debtor on the Effective Date, and the Debtor shall retain such claims as provided in the Plan, including any claims or defenses that may not have been defined in the Plan but are nonetheless owned by the Debtor on or before the Effective Date. After the Effective Date, the Debtor may, in accordance with the provisions of the Plan, evaluate and determine whether to pursue any such retained claims.

9. Except as otherwise expressly provided in the Plan, all payments and other distributions to be made under the Plan shall be timely and proper if mailed by first class mail on or before the date of distribution provided for in the Plan to the address listed in the creditor's

proof of claim filed in this case, or, if no proof of claim is filed, to the creditor's last known mailing address.

10. On the Effective Date, Debtor shall be and is hereby discharged to the extent and as provided by 11 U.S.C. § 1141(d)(1), except that Debtor will not be discharged of any debt or obligation: (i) imposed by this Plan; (ii) excepted from discharge under 11 U.S.C. § 523 as provided by 11 U.S.C. § 1141(d)(2) if the Debtor is an individual; and (iii) to the extent provided in 11 U.S.C. § 1141(d)(6) if the Debtor is a corporation.

11. The Debtor and all holders of Claims and Interests are bound by the Plan within the meaning of 11 U.S.C. § 1141.

12. The Court shall retain jurisdiction of this case for all purposes provided in 11 U.S.C. §§ 1127(b) and 1142, and Bankruptcy Rule 3020(d).

13. Pursuant to 11 U.S.C. § 1141(b), except as otherwise provided in the Plan or in this Confirmation Order, as of the Effective Date, all the property of the Estate vests in the Debtor. Except as provided in 11 U.S.C. § 1141(d)(2) and (3), and except as otherwise provided in the Plan or in this Confirmation Order, after Confirmation of the Plan, the property dealt with by the Plan is free and clear of all Claims and Interests of creditors. If the Debtor's bankruptcy case is subsequently converted to Chapter 7, all property of the Debtor shall automatically revest and become property of the bankruptcy estate of the Debtor in the converted Chapter 7 case.

14. The services of the Subchapter V Trustee shall terminate upon substantial consummation of the Plan, and the Debtor is to file and serve a Notice of Substantial Consummation upon the Subchapter V Trustee, the U.S. Trustee, and all parties-in-interest within fourteen (14) days following substantial consummation as required under 11 U.S.C. § 1183(c)(1) and (2).

15. This Confirmation Order is a final order and effective and enforceable immediately upon entry and the period in which an appeal must be filed shall commence upon the entry hereof.

16. The following Nonmaterial Plan Modifications are hereby approved:

   a. Notwithstanding language to the contrary, on pages 9-10 of the Plan under claims **2-1 Kaufman County**, any reference to Tarrant, Frisco, or any other county or ISD shall be modified to delete those other counties and are replaced with Kaufman County.

   b. Notwithstanding language to the contrary, the following section of page 14 of the Plan is modified as follows: **4-10 Ford Motor Credit Company LLC (Claim No. 13-1)** claim in the amount of $206,277.75 is secured by 2023 Dodge Ram 5500 (Vin#5326). Debtor shall pay the current value of the vehicle in the amount of $152,900.00 at 9.50% over 5 years in 60 equal monthly payments at $3,211.18 per month. The first monthly payment on the secured claim amount will be due and payable 30 days after the effective date, unless this date falls on a weekend or federal holiday, in which case the payment will be due on the next business day. The remaining unsecured portion of the claim in the amount of $53,185.47 will be treated in Class 6 of this plan

   c. Notwithstanding language to the contrary, the following section of page 15 of the Plan is modified as follows: **4-11 Ford Motor Credit Company (Claim 14-1)** claim in the amount of $206,085.47 is secured by 2022 Ford Super Duty F-550 DRW (Vin#9910). Debtor shall pay the current value of the vehicle in the amount of $152,900.00 at 9.50% over

6

      5 years in 60 equal monthly payments at $3,211.18 per month. The first monthly payment on the secured claim amount will be due and payable 30 days after the effective date, unless this date falls on a weekend or federal holiday, in which case the payment will be due on the next business day. The remaining unsecured portion of the claim in the amount of $53,185.47 will be treated in Class 6 of this plan.

d. Notwithstanding language in the Plan to the contrary, the Debtor has agreed to cure the lease default with Mercedes Benz Financial in four payments of $8,552.92 each beginning ten (10) days after the date of the entry of this Order and continuing in 3 consecutive thirty (30) day periods that follow.

e. Notwithstanding language in the Plan to the contrary, Newtek Small Business Finance, LLC's treatment shall be modified as follows:

    i. **5-3 Newtek Small Business Finance, LLC (Claim No. 24-1)**. Newtek filed a proof of claim in the secured amount of $1,973,212.69. Newtek asserts it is fully secured by Fredrick Lee Press Plumbing, LLC's business property pursuant to a UCC Lien that was recorded on November 3, 2022 which puts this claim in Lien Position 3. Therefore, Newtek's claim is partially secured by the assets of Fredrick Lee Press Plumbing, LLC due to the liquidation analysis as to the assets of Fredrick Lee Press Plumbing, LLC on the plan filing date. Debtor shall pay the secured portion of Newtek's claim in the amount of $502,747.92 with interest on such amount accruing at 9.50% per annum from the Effective Date over

    60 equal monthly payments at $10,558.64 per month. The first monthly payment on the secured claim amount will be due and payable 30 days after the Effective Date, unless this date falls on a weekend or federal holiday, in which case the payment will be due on the next business day, and continuing thereafter on the same date of each succeeding month until paid in full. The remaining unsecured portion of the claim in the amount of $1,470,464.77 will be treated in Class 6 of this plan.

ii. Except as expressly modified in the Plan or the Confirmation Order, the terms of the parties' pre-petition loan agreement, including, without limitation, the non-payment covenants set forth therein, are reaffirmed and ratified by the Debtor and Reorganized Debtor and shall survive the entry of the Confirmation Order and the subsequent discharge entered by the Court.

iii. Newtek shall retain all guaranties and third-party pledges which were in place at the Petition Date, and nothing contained within the Plan, the Confirmation Order, or any subsequent discharge entered by the Court shall limit, modify, or terminate any of Newtek's rights and remedies as set forth therein or in the parties' pre-petition loan agreement or under applicable law, including, without limitation, Newtek's right to recover the full balance of all indebtedness due and owing thereunder.

iv. Notwithstanding anything contained in the Plan to the contrary,

including Article VIIIC. of the Plan, the pre-petition liens granted to Newtek in Newtek's collateral shall continue and remain valid and subsisting in favor of Newtek and shall survive vesting in the Reorganized Debtor and the entry of the Confirmation Order and the subsequent discharge entered by the Court.

v. As a point of clarification, Newtek's treatment as a Class 6 Claimant remains as set forth in the Plan.

vi. **Class 7 – Pre-Petition Lease Admin Claim** – Notwithstanding any failure of DeLaura Press to timely file a pre-petition administrative lease claim or other proof of claim, and in addition to any other payments specified to be made to Newtek under the Plan, the allowed Pre-Petition Admin Lease Claim of DeLaura Press in the amount of $144,000.00 shall be paid directly to **Newtek Small Business Finance, LLC (Claim No. 24-1)** as payments for its assignment of rents in the deed of trust covering the leased premises of Debtor located at 9056 FM 1641, Terrell, TX 75160. Newtek shall receive these payments over sixty (60) equal monthly payments at 0% per annum, with the first monthly payment on this claim amount due and payable 30 days after the Effective Date, unless this date falls on a weekend or federal holiday, in which case the payment will be due on the next business day, and continuing thereafter on the same date of each succeeding month until paid in full. The monthly payments shall be $2,400.00.

vii. **Article XIII:** All unexpired leases and executory contracts shall be assumed on or before the Effective Date. To the extent there are any unexpired leases or executory contracts, which have not been assumed or dealt with in this Plan or Court Order prior to the Effective Date, they are rejected.

viii. As of the Effective Date, Debtor assumes the Commercial Lease with DeLaura Press covering the leased premises located at 9056 FM 1641, Terrell, TX 75160 (the "Office Lease"), pursuant to 11 U.S.C. §365. From and after the Effective Date, the expenses set forth in Exhibit "A" of the Plan for Office Rent/Lease, or otherwise, shall be timely paid directly to **Newtek Small Business Finance, LLC (Claim No. 24-1)** as set forth in such Office Lease or any amendment thereof pursuant to Newtek's properly perfected assignment of rents until such time as the indebtedness to Newtek as set forth in the parties' pre-petition loan agreement is paid in full. The failure to timely pay such rent directly to Newtek shall constitute an event of default under the Plan.

ix. **Article XIV**: Any creditor remedies allowed by 11 U.S.C. § 1112(b)(4)(N) shall be preserved to the extent otherwise available at law. In addition to any rights specifically provided to a claimant treated pursuant to this Plan, a failure by the Reorganized Debtor to make a payment or maintain the required insurance, pay taxes, or satisfy any other non-payment covenants set forth in the parties' pre-

petition loan documents as to all Collateral to a creditor pursuant to the terms of this Plan shall be an event of default under the Plan. The Reorganized Debtor shall cure any event of default within ten (10) days from the date of mailing written notice of default from such creditor to the Reorganized Debtor. Any default notice, inquiry, or other formal communication pursuant to the Plan shall be mailed by certified mail, return receipt requested to the following:

>Robert "Chip" Lane
>The Lane Law Firm
>6200 Savoy Drive
>Suite 1150
>Houston, Texas 77036-3300

x. The Debtor will be entitled to no more than two (2) notices of default during the term of the Plan from any creditor. If the Debtor fails to timely cure a default, or upon a third default to that creditor, the automatic stay or any injunction provided under the Plan as to that creditor shall be automatically terminated without further notice or order from the Court and such creditor shall be authorized to immediately enforce its rights and remedies under applicable law, including, without limitation, against the Reorganized Debtor or any collateral securing such creditor's claim without further notice or order from the Court.

### # # # END OF ORDER # # #